UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHELSEE MARGAVAGE,

     **Plaintiff,**

v.                                    **Case No: 5:25-cv-128-PRL**

COMMISSIONER OF SOCIAL
SECURITY,

     **Defendant.**

_____

## ORDER

Plaintiff Chelsee Margavage appeals the administrative decision denying her application for supplemental social security income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **affirmed**.

## I.    BACKGROUND

On February 6, 2023, Plaintiff filed an application for SSI, alleging disability beginning February 19, 2006. The claim was denied initially on June 7, 2023, and upon reconsideration on February 13, 2024. On April 2, 2024, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before an ALJ on November 5, 2024, where the Plaintiff appeared and testified. On December 2, 2024, the ALJ issued a notice of unfavorable decision, finding the Plaintiff was not disabled. (Tr. 14-38). Plaintiff's request for review was denied by the Appeals Council on January 16, 2025, and subsequently, she initiated this action on February 20, 2025 (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ determined that Plaintiff had the following severe impairments: "bipolar disorder; opioid dependence; depression; anxiety; and post-traumatic stress disorder ("PTSD")[.]" (Tr. 19). The ALJ found that, despite her impairments, Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [She] can only perform simple tasks but not at a production rate pace where the pace of one's work affects, or is affected by, the pace of other's work or by any externally controlled system or process. She can only respond appropriately to occasional changes in a routine work setting. She can only have occasional, superficial interaction with co-workers and the public, with "superficial" defined as such things as providing the time of day or directions about the workplace.

(Tr. 24-30).

Based upon this RFC assessment and testimony from a vocational expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a laundry worker, a packager, and a kitchen helper. (Tr. 31). Accordingly, the ALJ concluded that Plaintiff is not disabled. (Tr. 31-32).

## II.    STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 C.F.R. § 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (explaining the five-step process to determine whether a claimant has met the burden of

proving his or her disability). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013) (citation omitted).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *See McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence "must do more than [merely] create a suspicion of the existence of the fact to be established" and must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *See Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as a finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *See Edwards*, 937 F.2d at 584 n.3 (citation omitted); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (citing *Bloodsworth*, 703 F.2d at 1239). This is a deferential standard.

### III.   DISCUSSION

Plaintiff raises one issue on appeal: whether the ALJ failed to reconcile Plaintiff's RFC with an opinion of psychological consultative examiner Roxanne Gajewski, Psy.D. (*See* Doc. 11 at pp. 9-14). Plaintiff argues that the ALJ erred by failing to incorporate or provide an adequate explanation for not including limitations on all social interactions in the RFC based on Dr. Gajewski's opinion, which the ALJ found somewhat persuasive. (*See id.*).

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *See Philips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite h[er] impairments." *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citation omitted); 20 C.F.R. § 416.945(a)(1). "[T]he task of determining a claimant's [RFC] and ability to work rests with the [ALJ], not a doctor." *Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 945 (11th Cir. 2016) (per curiam) (citation omitted); *see Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) (per curiam) ("A claimant's [RFC] is a matter reserved for the ALJ's determination, and while a [doctor's] opinion on the matter will be considered, it is not dispositive."); *see also Frank v. Comm'r of Soc. Sec.*, No. 2:20-cv-962-SPC-NPM, 2022 WL 598036, at *8 (M.D. Fla. Feb. 10, 2022), *report and recommendation adopted*, 2022 WL 596833 (M.D. Fla. Feb. 25, 2022) ("[T]here is no requirement that an ALJ base the RFC finding on a medical source's opinion.") (citing *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923 (11th Cir. 2007)). In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. *See* 20 C.F.R. § 416.945(a)(3); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (per curiam).

The regulations governing the evaluation of medical opinions were amended for disability applications filed on or after March 27, 2017, as this one was. *See* 20 C.F.R. § 416.920c. Medical evidence is divided into five categories: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence; (4) evidence from nonmedical sources; and (5) prior administrative medical findings. *See* 20 C.F.R. § 416.913(a). The ALJ must consider the "persuasiveness" of all medical opinions[1] and prior administrative medical findings. *See* 20 C.F.R. § 416.920c(a). In making this determination, an ALJ must consider the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) the source's relationship with the claimant;[2] (4) the source's area of specialization; and (5) any

---

[1] A "medical opinion" is further defined as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the following abilities:

> (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);

> (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;

> (iii) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and

> (iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

*See* 20 C.F.R. § 416.913(a)(2).

[2] This factor combines consideration of the following issues: length of the treatment relationship; frequency of examinations; purpose of the treatment relationship; extent of the treatment relationship; and examining relationship. *See* 20 C.F.R. § 416.920c(c)(3)(i)-(v).

other relevant factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *See* 20 C.F.R. § 416.920c(b)-(c).

In evaluating the persuasiveness of a medical opinion, the ALJ must explain how he considered the factors of supportability and consistency. *See* 20 C.F.R. § 416.920c(a), (b)(2); *see also Brioso v. Kijakazi*, No. 22-CV-21991-JEM, 2023 WL 5595912, at *8 (S.D. Fla. Aug. 11, 2023) ("[A] reviewing court must be able to discern whether the ALJ found the medical opinion persuasive, and the basis of the ALJ's findings as to supportability and consistency."). In short, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021); *see* 20 C.F.R. § 416.920c(c)(1)-(2). "Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records; and (2) consistent with the other evidence of record." *Sosa v. Kijakazi*, No. 8:20-cv-1360-SPF, 2022 WL 420755, at *3 (M.D. Fla. Feb. 11, 2022) (citation omitted). While the ALJ must articulate and explain how he considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings, the ALJ is not required to discuss or explain how he considered the other remaining factors in determining persuasiveness. *See* 20 C.F.R. § 416.920c(b)(2); *Delaney v. Comm'r of Soc. Sec.*, No. 6:20-cv-2398-DCI, 2022 WL 61178, at *2 (M.D. Fla. Jan. 6, 2022) (noting that the ALJ may, but is not required to, explain how he or she considered the remaining factors besides supportability and consistency).

Furthermore, "under the new regulations, district courts in this circuit have routinely held that an ALJ is not required to adopt every part of [a medical] opinion that the ALJ finds persuasive or explain why he did not adopt certain portions of an opinion[.]" *Joseph D. v. Comm'r, Soc. Sec. Admin.*, No. 1:22-cv-152-CCB, 2023 WL 12148409, at *8 (N.D. Ga. Mar. 16, 2023); *see League v. Comm'r of Soc. Sec.*, No. 2:20-cv-650-SPC-NPM, 2022 WL 1085540, at *6 (M.D. Fla. Feb. 7, 2022) (noting that "the regulations do not require an ALJ to adopt into the RFC every part of an opinion that he otherwise finds persuasive" and holding that the ALJ did not err in "electing not to discuss or adopt" one aspect of prior administrative findings that he found generally persuasive), *report and recommendation adopted*, 2022 WL 703011 (M.D. Fla. Mar. 9, 2022) (citations omitted); *K.T.B. v. Comm'r of Soc. Sec.*, No. 3:20-cv-110-MSH, 2021 WL 5906372, at *2 (M.D. Ga. Dec. 14, 2021) (finding that the ALJ did not err by failing to incorporate or explain why he did not incorporate into his RFC "any and all limitations" suggested by a source he found persuasive); *Rivera Misla v. Comm'r of Soc. Sec.*, No. 6:20-cv-1076-DCI, 2021 WL 2417084, at *2-3 (M.D. Fla. June 14, 2021) (finding that the ALJ did not err by not explaining why he did not adopt the doctors' opinion that the plaintiff would need an "understanding supervisor," even after finding their opinions "very persuasive"); *but see Tammy W. v. Comm'r, Soc. Sec. Admin.*, No. 2:20-cv-171-JCF, 2022 WL 17078939, at *5 (N.D. Ga. Mar. 21, 2022) (finding that an ALJ is required "to fully explain her reasons for omitting limitations from an opinion that she found persuasive under the new regulations"). Indeed, "the ALJ's RFC assessment [does] not need to match or mirror the findings or opinions of any particular medical source (especially when that source's opinion has been discredited), because the responsibility of assessing the RFC rests with the ALJ." *See Freyhagen v. Comm'r of Soc. Sec.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *8 (M.D. Fla. Sept. 26,

2019) (citation omitted). Simply put, if the ALJ complies with the new regulations and explains how he considered the supportability and consistency of a medical opinion, the only issue is whether the ALJ's RFC assessment is supported by substantial evidence. *See K.T.B.*, 2021 WL 5906372, at *2. However, "the ALJ must explain and address any conflicts between the RFC and medical opinions" that the ALJ finds persuasive. *See Weidlich v. Comm'r of Soc. Sec.*, No. 22-13309, 2023 WL 8015753, at *2 (11th Cir. Nov. 20, 2023) (per curiam) (citing SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)).

On May 17, 2023, Dr. Gajewski performed a psychological consultative examination of Plaintiff. (Tr. 1252-56). In the summary of the psychological evaluation, Dr. Gajewski found Plaintiff met the criteria for "Obsessive-Compulsive Disorder (Per report), Posttraumatic Stress Disorder, With Panic Attacks, Major Depressive Disorder, Recurrent Episode, Moderate, and Generalized Anxiety Disorder." (Tr. 1256). Based on her examination of Plaintiff, Dr. Gajewski opined that Plaintiff's "mental health symptoms based on report and clinical observations appear to be moderately to severely impacting activities of daily living, vocational performance, and interpersonal interactions." (*Id.*).

In the decision, the ALJ thoroughly summarized and discussed Dr. Gajewski's examination and opinion. (Tr. 21-24, 27, 29-30). The ALJ discussed and cited Dr. Gajewski's opinion at step three to determine that Plaintiff had moderate limitations in the "paragraph B" criteria, such as in the areas of understanding, remembering, or applying information; interacting with others;[3] concentrating, persisting, or maintaining pace; and adapting or

---

[3] In addition to considering Dr. Gajewski's psychological consultative examination in the "paragraph B" criteria of interacting with others (Tr. 22), the ALJ also considered a third-party function report completed by Karen Taylor, who noted that Plaintiff spent time with others daily, and seemed "respectful, kind, considerate, and likeable regarding how well she gets along with authority figures" (Tr. 21-22). *See, e.g.*, *Henderson v. O'Malley*, No. 2:24-cv-170-CWB, 2024 WL 4369643, at *7 (M.D. Ala. Oct. 1, 2024) (finding that the "ALJ accounted for [p]laintiff's moderate

managing oneself. (Tr. 21-24). When evaluating Dr. Gajewski's opinion, the ALJ concluded as follows:

> The undersigned finds that the opinion of the consultative examiner, Dr. Roxanne Gajewski, Psy.D., is somewhat persuasive (Exhibit 5F). In an opinion dated May 17, 2023, Dr. Gajewski opined that the claimant's mental health symptoms based on report and clinic observations appeared to be moderately to severely impacting activities of daily living, vocational performance, and interpersonal interactions. This opinion is somewhat persuasive because it is consistent with and supported by some of the evidence. Dr. Gajewski conducted a comprehensive mental status examination, and the findings at this examination reasonably support some degree of limitation from a mental perspective, especially when viewed in light of other evidence in the file as detailed above. However, the undersigned notes that this opinion is vague and not a function-by-function assessment of the claimant's maximum ability to perform work-related activities. The undersigned notes that the claimant being moderately limited is generally consistent with moderate limitations in the 'paragraph B' criteria, but Dr. Gajewski noted that the claimant's mental health symptoms were 'moderately to severely' impacting several areas, which is vague and not a function-by-function approach.

(Tr. 29-30).

As an initial matter, the ALJ properly evaluated the persuasiveness of Dr. Gajewski's opinion and adequately articulated his reasons, supported by substantial evidence, for finding Dr. Gajewski's opinion to be "somewhat persuasive." (*See id.*). In this case, the ALJ found that Dr. Gajewski's opinion about Plaintiff's mental health symptoms was somewhat persuasive because it was consistent with and supported by some of the evidence in the record. (Tr. 29). The ALJ explained that Dr. Gajewski's opinion was "generally consistent" with other evidence in the record, including Plaintiff's moderate limitations in the "paragraph B" criteria. (Tr. 30). The ALJ also explained why he did not find Dr. Gajewski's opinion entirely

---

limitation in interacting with others in the RFC by limiting [p]laintiff to only having occasional, superficial interaction with co-workers and the public, with 'superficial' defined as such things as providing the time of day or directions about the workplace[,]" and noting that plaintiff "got along 'really well' with authority figures" as stated in plaintiff's function report).

persuasive, noting that Dr. Gajewski's finding regarding Plaintiff's mental health symptoms that were "moderately to severely" impacting several activities (including daily living, vocational performance, and interpersonal interactions) was vague and provided no function-by-function assessment of the Plaintiff's maximum ability to perform work-related activities. (*Id.*); *see Hepburn v. O'Malley*, No. 6:24-cv-540-SJH, 2024 WL 4647948, at \*5 (M.D. Fla. Nov. 1, 2024) (finding that the ALJ adequately considered supportability in evaluating a medical opinion, which the ALJ found partially persuasive, because the ALJ explained the opinion was vague and failed to offer an explanation for the restrictions); *see also* 20 C.F.R. § 416.920c(c)(1) ("The more relevant the objective medical evidence *and supporting explanations presented by a medical source* are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be.") (emphasis added); *cf. Loydd v. Comm'r of Soc. Sec.*, No. 6:22-cv-15-ACC-EJK, 2023 WL 2931152, at \*6 (M.D. Fla. Mar. 1, 2023) (affirming decision, and noting that "[t]he Magistrate Judge found Dr. Lopez's conclusory statement that [p]laintiff's 'mental health symptoms based on report and clinical observations appear to be moderately to severely impacting activities of daily living, vocational performance, and interpersonal interactions' is more appropriately considered an assessment as to whether [p]laintiff is disabled or unable to perform work and that assessment is within the ALJ's scope of responsibility in assessing [p]laintiff's [RFC]") (citations and internal quotation marks omitted). Based upon the foregoing, the ALJ did not err in his evaluation of Dr. Gajewski's opinion.

Although it does not appear that Plaintiff argues that the ALJ erred in his evaluation of Dr. Gajewski's opinion, the ALJ was not required to adopt Dr. Gajewski's opinion or explain why he did not adopt her opinion, unless there was a conflict between that opinion

and the RFC. *See Mesoraca v. Comm'r of Soc. Sec.*, No. 2:24-cv-14151, 2025 WL 2256532, at *4 (S.D. Fla. Mar. 25, 2025); *Weidlich*, 2023 WL 8015753, at *2; *see also Rivera Misla*, 2021 WL 2417084, at *2. The ALJ included social limitations in the RFC assessment, determining that Plaintiff could "only have occasional, superficial interaction with co-workers and the public, with 'superficial' defined as such things as providing the time of day or directions about the workplace." (Tr. 24-25). While Plaintiff argues that these limitations are insufficient because it imposes no limitation on her interaction with supervisors (*see* Doc. 11 at pp. 10-14), Plaintiff fails to sufficiently explain or demonstrate how Dr. Gajewski's opinion that Plaintiff's mental health symptoms were "moderately to severely [limiting her] activities of daily living, vocational performance, and interpersonal interactions" (which the ALJ found "vague and not a function-by-function approach") conflicts with the ALJ's RFC finding that Plaintiff could "only have occasional, superficial interaction with co-workers and the public." *See S.S. v. Comm'r, Soc. Sec. Admin.*, No. 1:24-cv-3161-CCB, 2025 WL 3560297, at *8 (N.D. Ga. Nov. 13, 2025) (finding that the ALJ was not required to adopt or explain why he did not adopt Drs. Nkongho's and Carter's limitation to "brief and superficial contact with others" because it did not conflict with the RFC's limitation to only "occasional interaction with crowds, coworkers, and supervisors"); *Rivera Misla*, 2021 WL 2417084, at *2-3 (rejecting plaintiff's argument that the ALJ failed to explain why he did not adopt Drs. Prickett and Mendelson's opinions that plaintiff would need an "understanding supervisor" because, in part, plaintiff did not explain how such an opinion conflicts with the RFC). As such, the Court finds that Dr. Gajewski's opinion does not conflict with the ALJ's RFC assessment, and thus, no explanation was required. *See Brizuela v. Comm'r of Soc. Sec.*, No. 8:18-cv-1905-T-JSS, 2019 WL 13245146, at *7 (M.D. Fla. Sept. 19, 2019) (finding that Dr. Jimenez's opinion that

plaintiff's "mental health symptoms were moderately limiting his activities of daily living, vocational performance, and interpersonal interactions" did not conflict with the ALJ's RFC finding limiting the plaintiff to "simple, repetitive tasks, simple decisions, and no more than occasional interaction with coworkers or the public").

Regardless, as noted above, simply because the ALJ found Dr. Gajewski's opinion to be somewhat persuasive does not mean he was required to adopt Dr. Gajewski's findings verbatim or incorporate them directly into the RFC. *See Evans v. Comm'r of Soc. Sec.*, No. CV422-036, 2023 WL 12255429, at *4 (S.D. Ga. Sept. 28, 2023) ("Even though the ALJ found Dr. Lane's opinion partially persuasive, he was not then required to incorporate it directly into the RFC, as [plaintiff] suggests."); *Nichols v. Kijakazi*, No. 3:20-CV-00224-SRW, 2021 WL 4476658, at *8 (M.D. Ala. Sept. 29, 2021) ("The ALJ was under no obligation to adopt verbatim all of Dr. Cleary's limitations into the RFC."); *Donnie R. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-00183-RGV, 2022 WL 16702517, at *13 (N.D. Ga. Mar. 30, 2022) ("[T]here is no legal requirement for an ALJ to explain each limitation or restriction he adopts or, conversely, does not adopt from a medical opinion.") (citation and internal quotation marks omitted). As long as the ALJ properly evaluated the medical opinion—as he has done here—the only issue is whether substantial evidence supports the RFC assessment. *See K.T.B.*, 2021 WL 5906372, at *2. Considering the record as a whole, substantial evidence supports the ALJ's RFC assessment and the decision.

**IV.   CONCLUSION**

Accordingly, it is **ORDERED** that:

(1) The Commissioner's decision is **AFFIRMED**.

(2) The Clerk is **directed** to enter final judgment in favor of the Commissioner and

close the file.

**DONE** and **ORDERED** in Ocala, Florida on March 26, 2026.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 13 -